[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an Administrative Appeal brought by the plaintiffs, Michael Vandenbroeck and Richard Woodburn, against the Redding Zoning Commission, Redding Zoning CT Page 6504 Enforcement Officer and Costa Stergue. The plaintiffs appeared before this court seeking a restraining order and a temporary injunction preventing the defendant Stergue from performing any construction work on the subject premises at 584 Redding Road, Redding, Connecticut, until the resolution of the underlying appeal.
"The issuance of an injunction lies in the sound discretion of the trial court exercised according to recognized principles of equity." Schomer v. Shilepsky,169 Conn. 186, 194 (1975). "[T]he justifiable interest which entitles one to seek redress in an action for injunctive relief is at least one funded on the imminence of substantial and irreparable injury." Karls v. Alexandra Realty Corporation, 179 Conn. 390, 401 (1980). "It is not enough to show that the defendant has violated the zoning regulations. The plaintiff seeking injunctive relief bears the burden of proving facts which will establish irreparable harm as a result of that violation." Id.
Based upon the evidence presented at the hearing, this court is unable to find that the plaintiffs have established such harm. While there was testimony that the plaintiffs have recently suffered a diminution in their water supply, there was insufficient proof to show that this has been caused by any act of the defendant at the subject property. "We have long recognized that no court of equity should ever grant an injunction merely because of the fears or apprehensions of the party applying for it, for those fears may exist without any substantial reason." Moore v. Serafin, 163 Conn. 1, 11 (1972). The harm must be presently occurring or about to occur.
Accordingly, the motion for a restraining order and temporary injunction is denied.
Rodriguez, J.